P. J. SANTIAGO LAVANDERO, peticionario, *v.* FEDERICO TILÉN y PEDRO SANTOS BORGES, demandados.

Núm. 444.—*Sometido:* Julio 20, 1950.   *Resuelto:* Julio 24, 1950.

*P. J. Santiago Lavandero, pro se* y representado además por *F. Fernández Cuyar* y *Félix Ochoteco, Jr.; Hon. Procurador Ge-*

*neral Vicente Géigel Polanco, Carlos J. Faure* y *Edgar S. Belaval, Procuradores Generales Auxiliares* y *J. Alemañy Sosa,* abogados de los demandados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Habiéndose alegado en la petición enmendada—y comprobado por certificación expedida el 29 de junio de 1950 por el Secretario del Tribunal de Expropiaciones de Puerto Rico—que los demandados Federico Tilén y Pedro Santos Borges, como jueces de dicho tribunal, en violación del derecho reconocido al peticionario P. J. Santiago Lavandero, como juez también del mencionado tribunal, por el artículo 7 de la Ley núm. 223 de 15 de mayo de 1948 ((1) pág. 775),(1) de ser nombrado Juez Administrador para el año económico 1950 a 1951, procedieron a nombrar al demandado Federico Tilén, expedimos el auto alternativo de *mandamus* en este caso para que los demandados procedieran a designar al peticionario como tal Juez Administrador y si así no lo hicieren comparecieran ante este Tribunal el 12 de julio de 1950 a exponer las razones, si algunas tuvieren, para no cumplir con lo antes ordenado.

Los demandados comparecieron en la fecha indicada y aun cuando plantearon diversas cuestiones legales solicitando se anule el auto expedido, consideramos que debido a que el hecho primordial alegado en la petición enmendada y su comprobación por la certificación del Secretario del Tribunal de Expropiaciones a que nos hemos referido, ha quedado desvirtuado por la prueba presentada por los

---

(1) El artículo 7 dispone lo siguiente:

"Los Jueces del Tribunal de Expropiaciones adoptarán un Reglamento para el funcionamiento interno de dicho Tribunal y distribución de los asuntos entre las distintas Salas, y designarán por turno a uno de los Jueces para que actúe como Juez administrador del Tribunal cada año. Para los fines de identificación y facilitar el trabajo, las salas del Tribunal de Expropiaciones se denominarán en el Reglamento que se adopte como Sala número 1, Sala número 2 y Sala número 3. El Reglamento del Tribunal de Expropiaciones deberá ser aprobado por el Procurador General antes de entrar en vigor."

demandados, no tenemos que entrar a considerar y resolver dichas cuestiones. Veamos.

■■ Se alegó en los hechos tercero y cuarto de la petición enmendada lo siguiente:

"3. Que los demandados Federico Tilén y Pedro Santos Borges ocuparon el cargo de Juez Administrador del Tribunal de Expropiaciones de Puerto Rico durante el año económico 1948-49, el primero, y durante el año económico 1949-50, el segundo, de acuerdo con el turno fijado en el Artículo 7mo. de la Ley núm. 223 de 1948 que creó el mencionado tribunal, correspondiéndole al Juez suscribiente el derecho en ley a asumir y a ocupar dicho cargo durante el próximo año económico 1950-51.

"4. Que no obstante ser así la realidad de hecho y de derecho, los jueces demandados Federico Tilén y Pedro Santos Borges, obrando de común acuerdo y en ilegal connivencia, procedieron a designar al Juez Federico Tilén, Juez Administrador del Tribunal de Expropiaciones para el año 1950-51, y a consumar administrativamente con su aprobación dicha designación el propio Procurador General de Puerto Rico, todo ello en abierta y crasa violación de la ley y movidos, todos ellos, por motivos ajenos a la ley misma, para lograr una preterición injusta, arbitraria, abusiva y contraria a derecho."

Y en la certificación expedida por el secretario de dicho tribunal el 29 de junio de 1950 se hizo constar:

"Que de acuerdo con los documentos originales archivados en esta Secretaría el Hon. Federico Tilén ocupó el cargo de Juez Administrador en propiedad de este Tribunal desde julio primero de 1948 hasta junio 30 de 1949 y que el Hon. Pedro Santos Borges lo sustituyó en dicho cargo, habiendo ejercido el mismo hasta el día de hoy."

Tomando en consideración estos hechos y la disposición del artículo 7 de la Ley núm. 223 de 1948, supra, al efecto de que los jueces del Tribunal de Expropiaciones "designarán *por turno* a uno de los Jueces para que actúe como Juez administrador del Tribunal *cada año*", fué que expedimos el auto alternativo en este caso.

Ahora bien, la prueba presentada por los demandados es la siguiente:

Carta dirigida por el Procurador General de Puerto Rico, Hon. Luis Negrón Fernández, el 1ro. de julio de 1948 al Hon. Federico Tilén, Juez del Tribunal de Expropiaciones, que dice:

"Por la presente designo a usted Juez Administrador del Tribunal de Expropiaciones de Puerto Rico provisionalmente y hasta tanto el Tribunal adopte un reglamento y el mismo sea aprobado por este Departamento."

Certificación expedida por el Secretario del Tribunal de Expropiaciones el 13 de julio de 1950, que dice así:

"Que al decir en una Certificación expedida el 29 de junio de 1950 a petición del Hon. P. J. Santiago Lavandero que el Hon. Federico Tilén había ocupado el cargo de Juez Administrador en Propiedad durante todo el año fiscal 1948–49, lo hice basándome en el hecho de que las órdenes administrativas firmadas por dicho Juez durante el período antes mencionado aparecen firmadas en su carácter de Juez Administrador y porque actuó como tal sin interrupción durante todo el año fiscal 1948–49; cuando lo cierto es, que por una omisión involuntaria al inspeccionar el acta del día 1 de julio de 1948, fecha en que empezó a funcionar este Tribunal se escapó el hecho de que según aparece al folio 4 del tomo 1 de las minutas de la Sala núm. 1 de este Tribunal presidida por el Hon. Federico Tilén, éste fué nombrado Juez Administrador Provisional por el Hon. Luis Negrón Fernández, Procurador General de Puerto Rico, el día 1 de julio de 1948.

"*Certifico, además,* que en ninguno de los documentos bajo mi custodia aparece que dicho Juez hubiera sido designado por una mayoría de los votos de los Jueces del Tribunal para ocupar el cargo de Juez Administrador durante el año fiscal 1948–49."

· Por su parte, el peticionario presentó la siguiente prueba adicional:

Certificación del Secretario del Tribunal de Expropiaciones expedida el 13 de julio de 1950, en la que dice lo siguiente:

"1. Que el Hon. Federico Tilén actuó como Juez Adminis-trador Provisional de este Tribunal desde el 1ro. de julio de 1948 hasta el 4 de octubre de 1948 y además, también actuó desde el 4 de octubre de 1948 hasta junio 30 de 1949 habiendo estado dicho Juez actuando como tal y a cargo de la supervi-sión administrativa, la expedición de órdenes, memoranda ad-ministrativa y todas las funciones propias del cargo de Juez Administrador del Tribunal.

"2. Que de los documentos, actas o minutas que obran en mi poder no aparece que se hiciera designación expresa alguna ni por escrito a favor del Hon. Federico Tilén para actuar como Juez Administrador por el período comprendido entre octubre 4 de 1948 y junio 30 de 1949, ni que mediara reunión alguna previa de los Jueces para hacer tal designación.

"3. Que el Hon. Pedro Santo Borges ocupó el cargo de Juez Administrador del Tribunal de Expropiaciones y actuó como tal Juez Administrador y desempeñó todas las funciones inherentes a dicho cargo durante el año económico compren-dido entre el 1ro. de julio de 1949 hasta junio 30, 1950.

"4. Que de los documentos obrantes en mi poder no apa-rece constancia alguna de que se hiciera designación expresa y formal por escrito ni por reunión previa de los jueces del Tribunàl, a favor del Hon. P. Santos Borges para el desem-peño del cargo de Juez Administrador de este Tribunal du-rante el año fiscal 1949-50."

Certificación de dicho secretario al efecto de que el pe-ticionario prestó juramento y tomó posesión de su cargo como Juez del Tribunal de Expropiaciones el 18 de abril de 1949 y dos *memoranda*, el primero fechado el 20 de abril de 1949 y el otro sin fecha, firmados "Federico Tilén, Juez Adminis-trador", y dirigidos al peticionario asignándole varios casos pendientes.

El artículo 4 de la Ley núm. 223 de 1948, en lo perti-nente, dispone:

"Tan pronto quede constituída cualquiera de las Salas del Tribunal de Expropiaciones, o de estar todas constituídas, el Juez de dicho Tribunal que sea provisionalmente designado por el Procurador General como Juez Administrador hasta tanto el Tribunal adopte un Reglamento . . ."

Fué de acuerdo con esta disposición y por nombramiento del Procurador General que el demandado Federico Tilén desempeñó provisionalmente las funciones de Juez Administrador desde el 1ro. de julio al 4 de octubre de 1948, ya que en esta última fecha quedó aprobado por el Procurador General el Reglamento del Tribunal de Expropiaciones, el cual en su Sección V dispone:

"Con la aprobación del Procurador General de Puerto Rico, se designará el día 1ro. de julio de cada año a uno de· los tres jueces como Juez Administrador del Tribunal, y en tal carácter atenderá los asuntos administrativos del Tribunal y, además, será el encargado de distribuir los casos a las distintas Salas, tal como se dispone en la Sección VI de este Reglamento."

Tenemos, por lo tanto, que no es cierto, como se alegó en la petición enmendada y se certificó originalmente por el secretario del Tribunal de Expropiaciones, que los demandados Federico Tilén y Pedro Santos Borges hubieran ocupado el cargo de Juez Administrador de dicho tribunal durante los años fiscales 1948 a 1949 y 1949 a 1950, respectivamente, "de acuerdo con el turno fijado en el artículo 7", supra. Lo cierto es, de acuerdo con la prueba, que el demandado Federico Tilén ocupó dicho cargo administrativo, provisionalmente, desde el 1ro. de julio al 4 de octubre de 1948 por designación del Procurador General bajo la autoridad conferídale por el artículo 4 de la ley y que continuó ejerciendo dichas funciones administrativas hasta el 30 de junio de 1949. Habiéndose provisto en la Sección V del Reglamento del Tribunal de Expropiaciones que "se designará el día 1ro. de julio de cada año a uno de los tres jueces como Juez Administrador del Tribunal", como cuestión de hecho no fué hasta el 1ro. de julio de 1949 que comenzó el primer turno anual del Juez Administrador, tanto bajo el artículo 7 de la ley como bajo el apartado V del Reglamento y el cual desempeñó desde dicha fecha y hasta el 30 de junio de 1950, el demandado Pedro Santos Borges.

Arguye el peticionario que aun cuando el demandado Federico Tilén desempeñó las funciones de Juez Administrador provisionalmente desde el 1ro. de julio de 1948 hasta el 4 de octubre del mismo año por designación del Procurador General, de hecho continuó desempeñándolas durante más de ocho meses, hasta el 30 de junio de 1949 y, por tanto, fué Juez Administrador durante el año económico 1948 a 1949 y en esa forma cumplió el primer turno anual provisto en el artículo 7 de la ley, supra, y que, a lo sumo, lo desempeñó durante más de ocho meses y renunció tácitamente a los demás meses que le correspondían.

No estamos conformes. El derecho del peticionario a que se le designe como Juez Administrador, por corresponderle el turno anual que dispone el artículo 7, supra, no puede hacerse descansar en un hecho que no ha probado, es decir, que el demandado Federico Tilén fué designado y desempeñó las funciones de Juez Administrador por designación de los jueces del Tribunal de Expropiaciones desde el 1ro. de julio de 1948 al 30 de junio de 1949. Tal designación, por un año, no la hubo. Correcta o erróneamente el Juez Tilén tan sólo continuó actuando desde el 4 de octubre de 1948 hasta el 30 de junio de 1949. No fué hasta el 1ro. de julio de 1949 que se designó al demandado Pedro Santos Borges para desempeñar las funciones de Juez Administrador y las desempeñó por un año, hasta el 30 de junio de 1950, y aun cuando dicha designación no se hizo por escrito previa reunión de los jueces, ambas partes admiten que ni el artículo 7 de la ley ni el apartado V del Reglamento, supra, exigen dicho requisito. Fué éste, a nuestro juicio, el primer turno anual con carácter permanente, tanto bajo el artículo 7 de la ley como bajo el apartado V del Reglamento, supra, desempeñado por uno de los jueces del Tribunal de Expropiaciones y, como consecuencia, dichos jueces podían designar o bien al demandado Federico Tilén o al peticionario para desempeñar las funciones de Juez Administrador durante el año fiscal 1950 a 1951.

No teniendo el peticionario un derecho claro y definido al remedio solicitado, *se declara sin lugar la petición*.

Opinión concurrente del Juez Asociado Sr. Snyder.

Convengo con el resultado. No me fué posible estar presente y por consiguiente no tomé parte en la votación cuando este Tribunal expidió el auto alternativo. Mi opinión era entonces y sigue siendo ahora que no debimos haber expedido el auto porque de la faz de la petición de mandamus surge que el peticionario no tiene derecho legal alguno para hacerlo efectivo mediante mandamus. Estoy conforme en que se dicte resolución declarando sin lugar la petición, sin llegar a la cuestión discutida en la opinión del Tribunal.